[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12274
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-20108-DMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNSON THELISMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 24, 2021)

Before WILSON, JORDAN and GRANT, Circuit Judges.

PER CURIAM:

Johnson Thelisma, a federal prisoner proceeding pro se, appeals the denial of his motion to reduce his 360-month amended sentence brought under section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (First Step Act). Thelisma's original sentence of life imprisonment was vacated after a partial grant of a 28 U.S.C. § 2255 motion.

In 2013, he was resentenced in accordance with the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Fair Sentencing Act). At the resentencing hearing, the district court highlighted that it had recalculated the applicable guideline range of 262 to 327 months' imprisonment "under the new [Fair Sentencing Act] regime." But considering the sentencing factors under 18 U.S.C. § 3553(a), and placing particular emphasis on Thelisma's extensive criminal history, the court then varied upward and sentenced Thelisma to 360 month's imprisonment to be followed by 5 years of supervised release.

In 2020, after section 404 of the First Step Act made sections 2 and 3 of the Fair Sentencing Act retroactive, Thelisma moved to modify his sentence. The district court ruled that the First Step Act barred consideration of Thelisma's motion. Thelisma argues on appeal that the district court improperly denied him relief by expressing a substantive, philosophical disagreement with the First Step Act.

We review a district court's ruling on an eligible movant's First Step Act motion for an abuse of discretion. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). However, a legal question, such as whether the district court had authority to modify a term of imprisonment, is subject to de novo review. *Id.*

The First Step Act provides that:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act § 404(c).

Here, despite the upward variance from the guideline range, Thelisma was already sentenced in accordance with section 2 of the Fair Sentencing Act. Therefore, the district court could not entertain his motion to modify his sentence under section 404 of the First Step Act. Thelisma's contention that the district court expressed disagreement with the First Step Act is not supported by the record. The district court applied the plain text of the First Step Act, which barred the court from entertaining Thelisma's motion. Therefore, we affirm.

**AFFIRMED.**

3